J-S56040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAWRENCE EDWIN CREESE, SR., | |
| Appellant | No. 225 MDA 2016 |

Appeal from the Judgment of Sentence December 21, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001064-2013
CP-67-CR-0004360-2013
CP-67-CR-0004367-2013
CP-67-CR-0004379-2013

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:               **FILED JULY 13, 2016**

Appellant Lawrence Edwin Creese, Sr., appeals from the judgment of sentence entered in the Court of Common Pleas of York County on December 21, 2015, at which time he received an aggregate sentence of five (5) years to fourteen (14) years in prison following his open guilty plea to forty counts including burglary, criminal trespass, theft, criminal mischief, criminal conspiracy and receiving stolen properly docketed to four, different criminal informations.[1]   In addition, Appellant's counsel has filed a petition to withdraw his representation and a brief pursuant to **Anders v. California**,

---

[1] No. CP-67-CR-0001064-2013; No. CP-67-CR-0004360-2013; No. CP-67-CR-0004367-2013; No. CP-67-CR-0004379-2013, respectively.

*Former Justice specially assigned to the Superior Court.

386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). After a careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Appellant and several accomplices[2] broke into storage-shed businesses located in Southern York County over a period of about two and one-half months. Appellant and his cohorts would take items from the sheds and transport them to Baltimore, Maryland, where those items were sold. Seven businesses were affected, and over 31 victims lost property ranging in an amount of $15.00 for individuals whose locks were broken to $12,000.00 for those who had a number of items stolen from their storage units. One business was an antique dealer whose items were not readily available on the market and were never recovered. The amount of restitution for the stolen property was in excess of $335,000.00.

Trial was scheduled to begin on November 2, 2015, but at that time Appellant instead pled guilty to a majority of the charges that had been brought against him. On December 21, 2015, the trial court sentenced Appellant, and on December 31, 2015, Appellant filed a post sentence motion wherein he requested the following relief:

---

[2] Three individuals including Appellant were originally involved in the crimes; however, one had passed away before the time of Appellant's sentencing.

- 2 -

a.    sentence [Appellant] pursuant to probation's recommendation of all sentences concurrent, or an aggregate of one and one half (1 ½) to five (5) years; and,

b.    sentence [Appellant] with a recommendation to serve his sentence in an SCI which will treat [Appellant] for his addictions;

c.    in the alternative to (a) above, sentence [Appellant] to a lower minimum of one and one half (1 ½) years, with a longer maximum.

*See* Post Sentence Motions, filed 12/31/15, at ¶ 7.

The trial court denied Appellant's motion to reconsider/modify sentence on January 7, 2016, and Appellant filed a timely notice of appeal on February 4, 2016. The trial court filed its Order pursuant to Pa.R.A.P. 1925(b), and on February 17, 2016, counsel filed his Statement of Matters Complained of on Appeal wherein he indicated his intent to file an *Anders* brief with this Court pursuant to Pa.R.A.P. 1925(c)(4). As noted above, counsel filed a petition to withdraw as counsel and an *Anders/Santiago* brief with this Court on May 10, 2016.

Before reviewing the merits of the underlying issue Appellant presents, we first consider counsel's petition to withdraw. *Commonwealth v. Orellana,* 86 A.3d 877, 879 (Pa.Super. 2014).

When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). Before counsel is permitted to withdraw, he or she must meet the following requirements:

First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief referring to any issues in the record of arguable merit;

- 3 -

> and third, he must furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or to himself raise any additional points he deems worthy of the Superior Court's attention.
>
> *Santiago,* 602 Pa. at 178–79, 978 A.2d at 361.[2]
>
> FN2. The requirements set forth in *Santiago* apply to cases where the briefing notice was issued after August 25, 2009, the date the *Santiago* opinion was filed. As the briefing notice in this case was issued after *Santiago* was filed, its requirements are applicable here. *Commonwealth v. Martuscelli,* 54 A.3d 940, 947 (Pa.Super. 2012).

*Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 183-84 (Pa.Super. 2016).

Herein, we have reviewed counsel's petition to withdraw as counsel and his accompanying correspondence which he served upon Appellant. In the letter, counsel indicated he was enclosing the petition to withdraw along with his *Anders* brief and explained that if Appellant had any issues he wished to pursue before this Court, he must do so immediately either *pro se* or with the assistance of new counsel.[3] We also have examined the *Anders* brief counsel prepared. These documents satisfy us that counsel has complied with all of the foregoing requirements; therefore, we grant counsel's petition to withdraw and next analyze the issue counsel presented in his *Anders* brief to make an independent judgment as to whether the appeal is, in fact, wholly frivolous. *See Bynum-Hamilton*, *supra* (citing *Santiago*, *supra*). Specifically, Appellant questions:

---

[3] Appellant has not responded to the application to withdraw as counsel.

- 4 -

Whether the honorable trial court erred in sentencing [A]ppellant to an aggregate term of five (5) to fourteen (14) years?

***Anders-McClendon*** Brief at 4.

Appellant asserts that while all of the sentences the trial court imposed were within the sentencing guidelines and, thus, legal sentences, they were at the top of the standard range. ***Anders-McClendon*** Brief at 10. Appellant's issue challenges the discretionary aspects of his sentence, and it is well-established that a claim a sentence is excessive is cognizable before this Court. ***See Commonwealth v. Lutes***, 793 A.2d 949, 964 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing). However, challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *See* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *See* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied,* 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

Herein, Appellant filed a timely notice of appeal and challenged his sentence in his motion to modify/reconsider sentence. Although counsel has

not included the requisite Pa.R.A.P. 2119(f) statement in his *Anders* brief, "[w]here counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous." *Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa.Super. 2015) (citations omitted). Also, "a determination of what constitutes a substantial question must be evaluated on a case-by-case basis and such question exists only when an appellant advances a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 184 (2016) citing *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa.Super. 2011). A bald allegation of excessiveness does not present a substantial question. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002).

Instantly, the trial court heard statements from Appellant, his grandmother and his fiancé and referenced the pre-sentence investigation report (PSI) prior to imposing Appellant's sentence. N.T. Sentencing, 12/21/15, at 11-12. Noting Appellant had a prior record score of five (5) and that the restitution owed to the victims exceeded $335,000, the trial court indicated it was "somewhat surprised" by the recommendation arising from the PSI and indicated it could not accept such recommendation as an

appropriate sentence in light of Appellant's significant crimes. *Id*. at 12.[4]

Thus, the trial court sentenced Appellant such that the charges from each

case number ran concurrently with one another but consecutively to each of

the sentences imposed in the four, separate matters. In addition, the trial

court stated with specificity its reasons for imposing Appellant's sentence.

*Id*. at 11-13.

> Long standing precedent of this Court recognizes that 42 Pa.C.S.A. section 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. *Commonwealth v. Graham*, 541 Pa. 173, 184, 661 A.2d 1367, 1373 (1995). .... Any challenge to the exercise of this discretion ordinarily does not raise a substantial question. *Commonwealth v. Johnson*, 873 A.2d 704, 709 n. 2 (Pa.Super. 2005); *see also Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa.Super. 1995) (explaining that a defendant is not entitled to a 'volume discount' for his or her crimes).

*Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595, 598 (Pa.Super.

2010).

The trial court had the discretion to sentence Appellant consecutively,

and Appellant does not otherwise challenge the legality of his aggregate

sentence. Indeed, Appellant concedes the sentence imposed complies with

the Sentencing Guidelines. *Anders* Brief at 10. Appellant's bare assertion

---

[4] The trial court stressed that the recommendation indicated that Appellant was eligible for an IP sentence and that all counts should run concurrently to one another, although the recommendation failed to specify whether "that also included for each particular case to run concurrent with one another. *Id*. at 12.

his sentence was excessive, without more, does not raise a substantial question. ***Commonwealth v. Moury***, 992 A.2d 162 (Pa.Super. 2010). Accordingly, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted; Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2016